LAW OFFICE OF GREGORY JAVARDIAN, LLC
By Mary F. Kennedy, Esquire
Attorney I.D. # 77149
1310 Industrial Blvd.
1st Floor, Suite 101
Southampton, PA 18966
(215) 942-9690
Attorney for Nationwide Assets, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Kenneth Cooper<br>      Debtor(s) | Chapter 13 Proceeding<br><br>No. 17-16828 ELF |
| Nationwide Assets, LLC<br>      Objectant(s) | |
| v. | |
| Kenneth Cooper<br>      Respondent(s) | |

**STIPULATION BY AND KENNETH COOPER AND NATIONWIDE ASSETS, LLC**

WHEREAS, on January 4, 2018 Nationwide Assets, LLC filed a Proof of Claim (Claim No. 4). Per the filed Claim as of the date of the filing of the bankruptcy petition the secured amount due Nationwide Assets, LLC was $73,879.28 and the pre-petition arrears due Nationwide Assets, LLC was $65,461.90;

WHEREAS, Nationwide Assets, LLC's Claim is based on a second Mortgage and Note executed by Kenneth Cooper (hereinafter "Debtor") on March 13, 1998 (loan no. xx2623). The second Mortgage gives Gelt Financial Corporation it's successors and/or assigns a security interest in the Debtor's property located at 6126 Old York Road, Philadelphia, PA 19141 hereinafter "the property"). The Mortgage was recorded in the

{00491018}1

Philadelphia County Recorder of Deeds Office on May 8, 1998 in book 1234 page 265. The Mortgage was assigned to Nationwide Assets, LLC via an Assignment of Mortgage recorded in the Philadelphia County Recorder of Deeds Office on June 25, 2006 at instrument no. 51926782;

WHEREAS, on October 6, 2017 Debtor filed an Plan. The Plan makes no provision for the payment of Nationwide Assets, LLC's arrears claim;

WHEREAS, on January 17, 2018 Nationwide Assets, LLC filed an Objection to the Plan; and

WHEREAS, the parties hereto, and their respective counsel, have agreed as to the disposition of the Objection to Plan and stipulate and agree as follows:

1. Within fifteen (15) days of the Court's approval of this Stipulation Debtor shall amend the Plan to provide for the treatment of Nationwide Assets, LLC's Claim outside of the Bankruptcy Plan.

2. Commencing March 19, 2018 and continuing monthly until and including February 19, 2021 Debtor shall pay to Nationwide Assets, LLC $332.28. This payment shall be applied to the pre-petition arrears of $65,461.90.

3. Debtor acknowledges that the payments as required by paragraph two (2) above will not fully reinstate the loan.

4. Upon the payment of the February 19, 2021 payment required by paragraph two (2) above Debtor shall contact Nationwide Assets, LLC to find out the amount needed to fully reinstate the loan. Debtor acknowledges that the reinstatement amount may include funds advanced by Nationwide Assets, LLC post-petition.

5. On or before March 19, 2021 Debtor shall fully reinstate the loan. If the loan is not fully reinstated by March 19, 2021 Nationwide Assets, LLC may proceed with a foreclosure action against the property. If the Debtor has not received a discharge by March 19, 2021 Nationwide Assets, LLC must obtain relief from the stay as required by paragraph six (6) below before proceeding with a foreclosure action.

6. The Debtor shall timely tender all payments and comply with all conditions in accordance with this Stipulation. If such payments or conditions are not timely made, Movant may provide the Debtor and their counsel with ten (10) days written notice of default. If the default is not cured within the ten (10) day period, Movant may certify the default to this Court and an Order shall be entered granting Nationwide Assets, LLC its successors and/or assigns relief from the automatic stay without further notice and hearing.

7. Should Nationwide Assets, LLC its successors and/or assigns be granted relief from the stay after filing a Certification of Default in accordance with paragraph six (6), the parties agree that the said relief order shall include the following language: "bankruptcy Rule 4001(a)(3) is not applicable and Movant is allowed to immediately proceed with foreclosure and all other relief available under the Non Bankruptcy law."

8. If this case is dismissed this Stipulation shall be null and void.

9. If the Debtor receives a discharge prior to March 19, 2018 the parties agree that the terms contained in paragraphs two (2) through five (5) above shall remain in full force and effect.

10. The parties agree that a facsimile may be submitted to the Court as if it were an original.

STIPULATED AND AGREED TO BY:

_____     Date: 3/1/2018
John L. McClain., Esquire
Attorney for Kenneth Cooper

_____     Date: 3/1/18
Mary K. Kennedy, Esquire
Attorney for Nationwide Assets, LLC

**NO OBJECTION**
*without prejudice to any trustee rights or remedies

_____     Date: 2/__/18
William C. Miller, Esquire
Chapter 13 Trustee

On this ___ day of _____, 2018, approved by the Court.

_____
United States Bankruptcy Judge
Eric L. Frank

{00491018}4