United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 17-16828-elf
Kenneth Cooper                                                            Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2    User: Virginia         Page 1 of 1            Date Rcvd: Mar 06, 2018
                       Form ID: pdf900         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 08, 2018.
db             +Kenneth Cooper,    6126 Old York Rd,    Philadelphia, PA 19141-1934

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 08, 2018                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 6, 2018 at the address(es) listed below:
              JOHN L. MCCLAIN    on behalf of Debtor Kenneth  Cooper aaamcclain@aol.com,    edpabankcourt@aol.com
              KEVIN G. MCDONALD    on behalf of Creditor    MIDFIRST BANK KMcDonald@blankrome.com
              MARY F. KENNEDY     on behalf of Creditor    Nationwide Assets, LLC mary@javardianlaw.com,
               tami@javardianlaw.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    MIDFIRST BANK bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                             TOTAL: 6

LAW OFFICE OF GREGORY JAVARDIAN, LLC
By Mary F. Kennedy, Esquire
Attorney I.D. # 77149
1310 Industrial Blvd.
1st Floor, Suite 101
Southampton, PA 18966
(215) 942-9690
Attorney for Nationwide Assets, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Kenneth Cooper<br>    Debtor(s)<br><br>Nationwide Assets, LLC<br>    Objectant(s)<br><br>v.<br><br>Kenneth Cooper<br>    Respondent(s) | Chapter 13 Proceeding<br><br>No. 17-16828 ELF |

**STIPULATION BY AND KENNETH COOPER AND NATIONWIDE ASSETS, LLC**

WHEREAS, on January 4, 2018 Nationwide Assets, LLC filed a Proof of Claim (Claim No. 4). Per the filed Claim as of the date of the filing of the bankruptcy petition the secured amount due Nationwide Assets, LLC was $73,879.28 and the pre-petition arrears due Nationwide Assets, LLC was $65,461.90;

WHEREAS, Nationwide Assets, LLC's Claim is based on a second Mortgage and Note executed by Kenneth Cooper (hereinafter "Debtor") on March 13, 1998 (loan no. xx2623). The second Mortgage gives Gelt Financial Corporation it's successors and/or assigns a security interest in the Debtor's property located at 6126 Old York Road, Philadelphia, PA 19141 hereinafter "the property"). The Mortgage was recorded in the

{00491018}1

Philadelphia County Recorder of Deeds Office on May 8, 1998 in book 1234 page 265. The Mortgage was assigned to Nationwide Assets, LLC via an Assignment of Mortgage recorded in the Philadelphia County Recorder of Deeds Office on June 25, 2006 at instrument no. 51926782;

WHEREAS, on October 6, 2017 Debtor filed an Plan. The Plan makes no provision for the payment of Nationwide Assets, LLC's arrears claim;

WHEREAS, on January 17, 2018 Nationwide Assets, LLC filed an Objection to the Plan; and

WHEREAS, the parties hereto, and their respective counsel, have agreed as to the disposition of the Objection to Plan and stipulate and agree as follows:

1. Within fifteen (15) days of the Court's approval of this Stipulation Debtor shall amend the Plan to provide for the treatment of Nationwide Assets, LLC's Claim outside of the Bankruptcy Plan.

2. Commencing March 19, 2018 and continuing monthly until and including February 19, 2021 Debtor shall pay to Nationwide Assets, LLC $332.28. This payment shall be applied to the pre-petition arrears of $65,461.90.

3. Debtor acknowledges that the payments as required by paragraph two (2) above will not fully reinstate the loan.

4. Upon the payment of the February 19, 2021 payment required by paragraph two (2) above Debtor shall contact Nationwide Assets, LLC to find out the amount needed to fully reinstate the loan. Debtor acknowledges that the reinstatement amount may include funds advanced by Nationwide Assets, LLC post-petition.

5. On or before March 19, 2021 Debtor shall fully reinstate the loan. If the loan is not fully reinstated by March 19, 2021 Nationwide Assets, LLC may proceed with a foreclosure action against the property. If the Debtor has not received a discharge by March 19, 2021 Nationwide Assets, LLC must obtain relief from the stay as required by paragraph six (6) below before proceeding with a foreclosure action.

6. The Debtor shall timely tender all payments and comply with all conditions in accordance with this Stipulation. If such payments or conditions are not timely made, Movant may provide the Debtor and their counsel with ten (10) days written notice of default. If the default is not cured within the ten (10) day period, Movant may certify the default to this Court and an Order shall be entered granting Nationwide Assets, LLC its successors and/or assigns relief from the automatic stay without further notice and hearing.

7. Should Nationwide Assets, LLC its successors and/or assigns be granted relief from the stay after filing a Certification of Default in accordance with paragraph six (6), the parties agree that the said relief order shall include the following language: "bankruptcy Rule 4001(a)(3) is not applicable and Movant is allowed to immediately proceed with foreclosure and all other relief available under the Non Bankruptcy law."

8. If this case is dismissed this Stipulation shall be null and void.

9. If the Debtor receives a discharge prior to March 19, 2018 the parties agree that the terms contained in paragraphs two (2) through five (5) above shall remain in full force and effect.

{00491018}3

10. The parties agree that a facsimile may be submitted to the Court as if it were an original.

STIPULATED AND AGREED TO BY:

_____    Date: 3/1/2018
John L. McClain., Esquire
Attorney for Kenneth Cooper

_____    Date: 3/1/18    **NO OBJECTION**
Mary K. Kennedy, Esquire           *without prejudice to any
Attorney for Nationwide Assets, LLC  trustee rights or remedies

_____    Date: _____
William C. Miller, Esquire
Chapter 13 Trustee

# O R D E R

The request for approval of this Stipulation is DENIED WITHOUT PREJUDICE as unnecessary. All of the terms of the Stipulation may be implemented through the confirmation of the Debtor's chapter 13 plan.

Date: 3/6/18

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**

{00491018}4